UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JEAN RHEA, <br><br> Plaintiff, <br><br> v. <br><br> WASHINGTON DEPARTMENT OF CORRECTIONS, KENNETH TAYLOR, and DR. STEVEN HAMMOND, <br><br> Defendants. | No. C10-0254 BHS/KLS <br><br> ORDER GRANTING MOTION TO COMPEL PRODUCTION |

Presently before the court is Plaintiff's Motion to Compel Discovery. ECF No. 28. Plaintiff Jean Rhea asks for an order compelling Defendant Washington Department of Corrections (DOC) to fully respond to her sixth interrogatory and fifth request for production. Having reviewed the motion, DOC's response (ECF No. 31), Plaintiff's reply, and balance of the record, the court finds that the motion to compel should be granted and that Plaintiff be awarded her costs and attorney fees.

## BACKGROUND

Plaintiff filed this lawsuit on February 10, 2010, alleging that Defendants refused to provide her with necessary medical care and disability accommodations in prison. ECF No. 1. On July 2, 2010, this court issued a Report and Recommendation, recommending that the Court grant Plaintiff a preliminary injunction requiring Defendants to arrange for Plaintiff to be examined by Dr. Doug Smith, and to authorize, perform and/or facilitate any treatment recommended by Dr. Smith. ECF No. 18. The District Court adopted the Report and Recommendation and granted Plaintiff a preliminary injunction on September 17, 2010. ECF

ORDER - 1

No. 24.  According to Defendant DOC an independent evaluation has occurred and no surgery for the neuroma was recommended.  ECF No. 31, p. 3.

After filing her preliminary injunction motion, Plaintiff served DOC with her First Interrogatories and Requests for Production dated June 28, 2010.  ECF No. 29, ¶ 3, Ex. 1. Defendant's responses to the discovery requests were due by Monday, August 2, 2010.  *See* Fed. R. Civ. P. 34(b)(2); 6(d); 6(a)(1)(C).  On July 27, 2010, Defendant's attorney requested an extension and the parties agreed to an additional two weeks.  ECF No. 29, ¶ 4.  On August 11, 2010, Defendant's counsel requested another extension and Plaintiff's counsel agreed to an extension until August 31, 2010.  *Id*. ¶ 5.  Plaintiff did not receive DOC's discovery responses until September 2, 2010.  *Id*. ¶ 6.

On September 24, 2010, Plaintiff's counsel contacted DOC's counsel to discuss concerns with DOC's discovery responses.  *Id*. ¶ 7.  Defense counsel agreed to provide supplemental discovery and/or further information by October 8, 2010.  *Id*. ¶ 8.  DOC supplemented its discovery responses on October 7, 2010.  *Id*. ¶ 9.  On October 8, 2010, Plaintiff's attorney notified DOC's counsel that a number of DOC's responses remained incomplete, and asked DOC to provide complete discovery responses by October 14, 2010.  *Id*.  DOC produced some additional documents on October 20, 2010.  *Id*.

On November 13, 2010, more than two weeks after Plaintiff filed her motion to compel and on the same day Plaintiff was required to file her reply brief, Defendants provided its Third Supplemental Responses to Plaintiff's discovery requests.   ECF No. 31, p. 4.

Plaintiff seeks an order compelling more complete responses to her discovery requests because, she argues, it is evident that many DOC employees have not produced responsive documents and that they have not been asked to provide the specific information called for in the

ORDER - 2

discovery requests. Plaintiff also seeks an order awarding her costs and attorney fees incurred in bringing this motion. DOC argues that the motion is premature, that it has not rested on its objections, and that it continues to cooperate in discovery.

## STANDARD OF REVIEW

The Federal Rules of Civil Procedure provide that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." Fed. R. Civ. P. 26(b)(1). Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. *Id.*

When a party fails to answer an interrogatory under Rule 33 or fails to permit inspection of documents under Rule 34, the requesting party may move the court for an order compelling discovery. Fed. R. Civ. P. 37(a)(3). For purposes of such a motion, "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4).

## DISCUSSION

A. **Request for Production No. 5.**

Plaintiff's Request for Production No. 5 states:

> To the extent not already produced in response to previous requests, please produce all correspondence, memoranda, e-mails, notes, text messages, voicemail messages, kites, grievances, and other documents that refer or pertain in any way to the Plaintiff's medical, mental health, classification and access issues that are the subject of this lawsuit.

ECF No. 29, ¶ 3, Ex. 1 at p. 13.

ORDER - 3

On September 2, 2010, after the deadline for objecting had passed, Defendants provided the following response:

> Objections.  This request is overly broad and unduly burdensome as defendants cannot know with reasonable certainty if there exists documents which "refer or pertain in any way" to the issues in this lawsuit.  As such, this request is a trap for defense attorneys.

*Id*. ¶ 10, Ex. 4 at p. 14.  Along with these objections, DOC produced a set of emails and other documents that had been gathered from seven employees.  *Id*., Ex. 4 at p. 15.  There were no documents from Ken Taylor, a Defendant in this lawsuit.

Plaintiff's counsel notified DOC's attorney that DOC's response appeared to be incomplete because it did not include responsive documents from key witnesses such as Ken Taylor.  *Id*. ¶ 7, Ex. 2.  DOC's attorney responded that he would follow up to ensure that all persons with potentially relevant documents produce those documents.  ECF No. 32, ¶ 3, Exh. 1 at pp. 2-3.  On October 7, 2010, DOC produced responsive documents from two additional witnesses, including Mr. Taylor.  *Id*. ¶ 10, Ex. 4 at p. 15 (first supplemental answer).  Plaintiff's counsel contacted defense counsel the next day, noting that the production was still incomplete.  *Id*. ¶ 9, Ex. 3.  Defendant responded by producing e-mails and other documents gathered from four additional witnesses.  *Id*. ¶ 10, Ex. 4 at p. 16 (second supplemental answer).

Plaintiff argues that it is clear from the documents produced thus far that numerous DOC employees have documents in their possession responsive to RFP No. 5 that DOC has failed to produce.  ECF No. 28, pp. 4-5.  For example, the following DOC employees appear as senders or recipients of e-mails pertaining to the issues raised in this lawsuit:

> John Scott Blonien (see documents 02060024-26, 02130055-59, 02130141-42)
> William Hayes (see documents 02060034, 02060036-37)
> Eric Hernandez (see document 02070001, 02130109)
> Christina Abby (see documents 02060017, 02060027, 02070013-19; 02080001;

ORDER - 4

      02100001-07, 02120014-16, 02130109)
      Andrea Baccetti (see documents 02070014-17)
      Michael Watkins (see documents 02070016-17)
      Pamelyn Saari (see document 02080012)
      Barbara Curtis (see documents 02080012-13, 02140001, 02140014)
      Earl Wright (see document 02100010)
      Bobby Baker (see documents 02100006, 02130006-07)
      Brent Taylor (see document 02130109)

ECF No. 29, ¶ 11, Ex. 5. Although it is undisputed that all of these witnesses sent or received e-mails pertaining to the issues in this case, none of these witnesses have produced documents in response to Plaintiff's discovery requests. *Id*. ¶ 10, Ex. 4 at pp. 14-16 (listing DOC employees who produced documents in response to RFP No. 5). DOC acknowledges that several of these witnesses were not even *asked* to search their records for responsive documents. *Id*., Ex. 4 at pp. 8-9 (identifying those DOC employees who were asked to search their computers and e-mail accounts for electronic records responsive to Plaintiff's discovery requests).

      Plaintiff also argues that in at least a couple of instances, it appears that witnesses in possession of responsive documents failed to make a good-faith effort to search for and produce those documents. For example, one of the Plaintiff's physicians, Dr. Mary Colter, claims she spent five minutes searching her computer hard drive for documents pertaining to the Plaintiff. ECF No. 29, ¶ 11, Ex. 5 (see document 02180001). After initially finding no relevant documents, Dr. Colter later produced two e-mail strings pertaining to Ms. Rhea. *Id*. (see documents 02180002-05). However, the record reflects that Dr. Colter sent or received numerous other e-mails that would be responsive to Plaintiff's discovery requests. *Id*. (see documents 02060011, 02060027, 02060034, 02060036-37, 02130109, 02190004). Dr. Colter's failure to locate and produce these emails demonstrates that DOC's response to Plaintiff's discovery request is incomplete. Plaintiff suggests that a possible reason for the

ORDER - 5

incomplete response is because, according to Dr. Colter, she searched only her computer hard drive. *Id*. (see document 02180001).  However, DOC employee e-mails may be stored not only on an individual's hard drive, but also on DOC's e-mail servers or a user's home directory on a DOC file server.  ECF NO. 29, ¶ 10, Ex. 4 at pp. 6-7 (describing where DOC employee e-mails are stored).

Similarly, after spending ten minutes searching a single folder on her hard drive (the "My Documents" folder, which generally does not contain e-mails), witness Gloria Doyle located and produced a single, one-page document in response to Plaintiff's discovery requests.  *Id*. ¶ 11, Ex. 5 (see documents 0220001-02).  However, documents produced by other witnesses show that Ms. Doyle was the sender or recipient of other e-mails pertaining to the Plaintiff.  *Id*. (see documents 02070015 – 19, 02100006, 02130007).  Thus, it appears that Ms. Doyle failed to search all locations where DOC employee e-mails may be stored.

In addition to e-mails, Plaintiff's counsel notified DOC's attorneys about other documents that are responsive to her discovery requests but that were not produced.  ECF No. 29, ¶ 12, Ex. 6.  These include copies of the "kites," sent by the Plaintiff to a DOC employee named Vicki York and pertaining to the Plaintiff's disability and her ability to participate in programming.  *Id*.  DOC has not produced these kites, nor has it offered any explanation as to why they are not available.  *Id*.

DOC first argues that Request for Production No. 5 is for "tangential" information not related to the underlying issue of whether the DOC's refusal to provide Plaintiff with a new prosthesis, newly-fit her current prosthesis, and/or surgically repair her neuroma violated Plaintiff's Eighth Amendment rights.  Plaintiff is, however, entitled to discover all materials relevant to her claims and also to discover materials that may be reasonably calculated to lead to

ORDER - 6

the discovery of admissible evidence.  Interrogatory No. 5 requests information relating to "Plaintiff's medical, mental health, classification and access issues."  There is no dispute that the information requested is relevant to her claims in this lawsuit.  In initially responding to Plaintiff's discovery requests, DOC limited its search to those employees "believed to be key players in this case."  When it was subsequently notified of several deficiencies in its search methods, DOC had an obligation to expand its search and determine whether there are other employees who should be requested to search their files.  In addition, DOC's assertion that its latest supplemental responses are "essentially duplicates" of documents previously produced appears to be incorrect.  After a cursory review, Plaintiff's counsel has identified several documents in the latest production that were never previously produced.  ECF No. 34, ¶ 5.

Based on the foregoing, it appears that (1) DOC failed to ask all employees with potentially relevant documents to search for and produce those documents in response to Plaintiff's discovery requests, (2) that of the employees who were asked to search for responsive documents, not all complied with the request, and (3) employees who complied with the request by searching for responsive documents failed to search all locations where, according to DOC, such documents are stored.  Plaintiff's counsel was able to identify DOC employees who have responsive records by reviewing the documents that were already produced.  DOC or its attorney must conduct the same type of review to identify deficiencies in DOC's production.  Plaintiff is entitled to the documents requested as they are maintained by DOC even though computer generated documents such as email will necessarily yield some duplication in production.  Further, it appears that placing reliance on each witness to conduct his or her own, individual search, is misplaced.  Counsel must be diligent in ensuring a full and complete search is done.

ORDER - 7

Accordingly, Plaintiff's motion to compel a complete answer to Request for Production No. 5 is GRANTED.

**B.      Plaintiff's Interrogatory No. 6.**

Plaintiff's Interrogatory No. 6 requests the following information:

> Please describe with specificity the steps you took to locate all e-mails, text messages, voicemail messages, and other electronic information responsive to Plaintiff's First Requests for Production. Your answer should include, but should not be limited to, a description of each computer hard drive, other storage media, and mobile device you searched, its current location, and, if you are no longer in possession of the computer hard drive, other storage media or mobile device, the date you relinquished possession. Your answer also should identify each person whose e-mail files were searched for responsive documents.

ECF No. 29, ¶ 3, Ex. 1.  On September 2, after having had two months to answer this interrogatory, DOC responded as follows:

> [T]hese requests were presented to members of DOC with the instructions and understanding that such information would be gathered.

*Id.* ¶ 10, Ex. 4 at p. 9 (see initial answer).  Following the parties' discovery conference, DOC supplemented this answer and identified 29 employees who "were asked to conduct searches of their computers and email accounts for responsive documents."  *Id.* (see first supplemental answer).   Plaintiff argues that DOC's answer to Interrogatory No. 6 is evasive and incomplete because the interrogatory calls for specific information that DOC's answer does not address, including:

> • a description of each computer hard drive, other storage media (e.g., DOC network server, computer backup media, Blackberry, etc.) and mobile device that was searched and its current location; and
>
> • the identity of each person whose e-mail files were *actually* searched for responsive documents (which is different than the identity of persons who were *asked* to search their computers and e-mail accounts).

ORDER - 8

DOC asserts that it has provided Plaintiff with a list of persons who have *actually* searched their e-mail files for responsive documents, and that it will continue to do so.  ECF No. 31, p. 5.  Plaintiff states that this assertion is false.  ECF No. 33, p. 5.  Even in its most recent supplemental answer to Interrogatory No. 6, Defendant continues to identify only those employees who "were asked" to search their computers for responsive documents, as opposed to those who actually searched for such documents.   ECF No. 34, ¶ 4, Ex. 1 at pp. 8-10.  Additionally, in its third supplemental response to Plaintiff's discovery requests, DOC produced an "eDiscovery Checklist" that it has recently circulated to 37 employees.  ECF No. 34, ¶ 4, Ex. 1 at p. 10; ¶ 6, Ex. 3.  However, it appears that this checklist was not provided to Dr. Mary Colter or Gloria Doyle, even though Plaintiff pointed out in her Motion to Compel that these witnesses have not searched for responsive e-mails in all locations where such e-mails may be stored.  *See* ECF No. 28, at 6:5-18; ECF No. 34, ¶ 6, Ex. 3 (list of DOC employees asked to complete the eDiscovery Checklist). (Apparently, the checklist also is not being provided to Plaintiff's primary care provider, Jackie Shuey.  *Id.*)  Also, the checklist instructs employees to limit their searches to retrieve documents pertaining only to the Plaintiff's "medical issues," ECF No. 34, ¶ 6, Ex. 3), even though Plaintiff's request asks for documents pertaining to Plaintiff's medical issues, mental health, classification and access [i.e., ADA].  *Id.*, ¶ 3, Ex.1 at p. 15.  Defendant's eDiscovery checklist also fails to instruct employees on *how* to search for responsive documents, including what search terms to use.

Finally, DOC has failed to produce the kites that Plaintiff sent to DOC employee Vickie York.  ECF No. 28, pp. 6-7.

Relevant information is defined as information that is "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).  There is no dispute that the

ORDER - 9

discovery sought by Plaintiff is relevant to her claims. Despite Plaintiff's repeated requests, it is apparent that DOC has still failed to locate and produce all responsive documents in its possession. Plaintiff's motion to compel this request is granted. DOC should also require its employees to search for all documents relating to Plaintiff's medical, mental health, classification and access (ADA) and to provide the specific information requested in Interrogatory No. 6 or have someone competent in that area to conduct an appropriate search.

**C.     Request for Costs and Attorney Fees**

Plaintiff asks for an award of reasonable attorney fees pursuant to Fed. R. Civ. P. 37(a)(5). ECF No. 28, p. 8. Pursuant to FRCP 37(a)(5)(A), if a motion to compel is granted, "the court must ... require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." However, no payment is justified if "the opposing party's nondisclosure, response, or objection was substantially justified" or if "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(ii)-(iii). Substantial justification exists if there is a "genuine dispute" or "if reasonable people could differ as to the appropriateness of the contested action." *Pierce v. Underwood*, 487 U.S. 552, 565, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988) (citations omitted).

The record reflects that Defendant DOC has had approximately four months to respond to Plaintiff's discovery requests. The record also reflects that Plaintiff's counsel has made many attempts to elicit complete responses (including providing defense counsel with names of DOC employees who potentially have information responsive to the discovery requests). Defendant states it has not rested on its objection and "continue to respond to reasonable requests to supplement." ECF No. 31, p. 6. Defendant DOC also suggests that this approach is reasonable

ORDER - 10

"as it is clear that virtually all of the records produced in supplemental responses have been duplicative of previously produced records." *Id.*  Whether the production of e-mails from several employees will yield duplicative content is not the issue.  Nor are Defendant's production duties limited to responding to "reasonable requests to supplement," after Plaintiff has identified deficiencies in Defendant's discovery responses.

Attorneys are required to make a reasonable inquiry before certifying that a discovery response is complete.  Fed. R. Civ. P. 26(g).  DOC's counsel "has an obligation to not just request documents of his client, but to search for sources of information." *In re A & M Florida Properties II, LLC*, 2010 WL 1418861, at *6 (Bkrtcy. S.D.N.Y. Apr. 7, 2010) (citation omitted).  "Counsel must communicate with the client, identify all sources of relevant information, and 'become fully familiar with [the] client's document retention policies, as well as [the] client's data retention architecture." *Id.* (quoting *Zubulake v. UBS Warburg LLC,* 229 F.R.D. 422, 432 (S.D.N.Y. 2004)).  In addition, "[t]he signature of the attorney ... constitutes a certification that to the best of the signor's knowledge, information, and belief, formed after reasonable inquiry, the ... response, or objection" is "consistent with these rules and warranted by existing law ...; not interposed for an improper purpose ...; and not reasonable or unduly burdensome or expensive...." Fed.R.Civ.P. 26(g)(2).  Rule 26(g) imposes an affirmative duty to engage in pretrial discovery in a manner that is consistent with the spirit and purposes.  Advisory Committee Notes to the 1983 Amendment to Rule 26(g).  The imposition of a certification requirement "obliges each attorney to stop and think about the legitimacy of a discovery request, a response thereto, or an objection." *Id.*

DOC and its counsel have failed to diligently search for and produce all documents

ORDER - 11

in its possession that are responsive to Plaintiff's discovery requests, yet DOC's counsel certified, with each incomplete production, that he had made a reasonable inquiry and had determined that the responses were complete and accurate. *See, e.g.,* ECF No. 34-1, p. 21. Had DOC or its attorney conducted a thorough review of its records as required under Fed. R. Civ. P. 26(g), it could have identified the deficiencies in its production and remedied them, avoiding the need for this motion.

Accordingly, it is **ORDERED:**

(1) Plaintiff's motion to compel (ECF No. 28) is **GRANTED.**

(2) Defendant DOC shall produce to Plaintiff's counsel **on or before January 31, 2011,**[1] all documents in its possession, custody, or control that are responsive to Plaintiff's Request for Production No. 5 and shall provide a complete answer to Plaintiff's Interrogatory No. 6. Defendant DOC shall further certify that all employees with potentially responsive documents searched all locations where such documents are typically stored in paper or electronic format.

(3) Pursuant to Fed. R. Civ. P. 37(a)(5), Plaintiff is entitled to recover her reasonable expenses incurred in bringing this motion, including attorney's fees. Plaintiff may file a motion and declaration identifying the amount of expenses incurred.

(4) The Clerk shall send a copy of this Order to Plaintiff and counsel for Defendants.

**DATED** this  27th  day of December, 2010.

Karen L. Strombom
United States Magistrate Judge

---

[1] A revised pretrial schedule shall issue under separate order.

ORDER - 12